UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCUS HURDLE, | 3:20-CV-00605 (KAD) |
| *Petitioner*, | |
| v. | |
| ROLLIN COOK, KENNETH BUTRICKS, | May 5, 2020 |
| *Respondents*. | |

## ORDER TO SHOW CAUSE

Kari A. Dooley, United States District Judge:

Petitioner Marcus Hurdle has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and seeks an order pursuant to 28 U.S.C. § 2243 directing Respondents Rollin Cook, the Commissioner of the Connecticut Department of Correction, and Kenneth Butricks, the Warden of Cheshire Correctional Institution, to show cause why his petition should not be granted. Petitioner is a 51-year disabled veteran who suffers from a variety of mental health conditions, including PTSD, which he asserts render him at a heightened risk from COVID-19. He alleges that the conditions of his confinement violate the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Eighth Amendment to the United States Constitution. Petitioner seeks immediate release via bail admission pending a ruling on his petition and a final order of release either to the home of his partner in West Haven, Connecticut or to his sister's home in Macon, Georgia.

Section 2241 authorizes a district court to extend a writ of habeas corpus to a prisoner who, *inter alia*, "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In construing this provision in light of the other federal habeas statutes,

the Second Circuit has held that Section 2241 is unavailable to a state prisoner who seeks to challenge the execution of his sentence. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). Instead, such a prisoner must seek relief pursuant to Section 2254, which "applies to 'application[s] . . . in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the person applying] is in custody in violation of the Constitution . . . of the United States.'" *Id.* (quoting 28 U.S.C. § 2254(a)); *accord Wells v. Annucci*, No. 19-CV-3841 (LLS), 2019 WL 2209226, at *2 (S.D.N.Y. May 21, 2019) ("A *habeas corpus* petition brought under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner who is in custody pursuant to the judgment of a state court and challenges the constitutionality of his custody."); *Rivers v. U.S. Gov't*, No. 13-CV-1680 (ARR), 2013 WL 1856629, at *1 (E.D.N.Y. May 2, 2013) ("[T]o the extent that petitioner seeks to challenge the constitutionality of his state sentence and custody, he may only do so through a petition pursuant to 28 U.S.C. § 2254 and subject to its requirements.").

Accordingly, when faced with a Section 2241 petition from a petitioner in state custody who challenges the execution of his sentence, it is proper for the district court to construe the petition as arising under Section 2254. *See Cook*, 321 F.3d at 278; *see also Musciotto v. Nardelli*, No. 3:19-CV-559 (KAD), 2019 WL 5086691, at *3 (D. Conn. Oct. 10, 2019) (construing petition filed under Section 2241 as governed by Section 2254 where petitioner was a state prisoner challenging a detainer lodged by another state, which the Court found tantamount to a challenge to the execution of his sentence). The Court does so here.[1]

Therefore, upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the Court construes as governed by 28 U.S.C. § 2254, filed on May 2, 2020, it is hereby

---

[1] While the Court recognizes that Petitioner is entitled to an opportunity to withdraw his Section 2241 petition before it is converted to a Section 2254 petition, *see Cook*, 321 F.3d at 281, Petitioner has acknowledged that the Court may conclude that he must proceed under Section 2254. (*See* Petition ¶¶ 8, 71, 79.)

**ORDERED** that the Respondents file a response on or before **seven (7) days** from the date of service of this Order why the relief prayed for in the petition for writ of habeas corpus should not be granted.

The Clerk is directed to serve a copy of this order and a copy of the petition and its attachments on the Respondents' representative, Jo Anne Sulik, Supervisory Assistant State's Attorney, by email, on or before **May 8, 2020**. A hearing shall be scheduled promptly upon receipt of the Respondents' response.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of May 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE